# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DANIEL THOMAS LANAHAN,  *

Plaintiff  *

v  *  Civil Action No. JFM-15-2511

PATUXENT INSTITUTION, et al.,  *

Defendants  *

\*\*\*

## MEMORANDUM

Pending is a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed by Tineeka Amason, Jason Anderson, Warden, Assistant Warden, State of Maryland, and Patuxent Institution.[1] ECF 34. Plaintiff has responded. ECF 44. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the dispositive motion will be GRANTED.[2]

### Background

Plaintiff, Daniel Lanahan, currently confined at the Clifton T. Perkins Hospital Center ("Perkins"), filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking money damages and injunctive relief. At the time he filed the case, he was undergoing mental health evaluation and treatment at Perkins. ECF 1. The complaint contained a plethora of claims, all of which were dismissed without prejudice with the exception of his claims that he was subjected to excessive

---

[1] Service has not been accepted on behalf of defendant Dr. Moghe. For the reasons that follow, plaintiff's complaint against Dr. Moghe shall be dismissed.

[2] Plaintiff's motion to appoint counsel (ECF 37) shall be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. §1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The issues pending before the court are not unduly complicated and plaintiff has demonstrated the ability to articulate his claims. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1).

force while housed at the Patuxent Institution and was denied due process during the resultant disciplinary infraction proceedings. ECF 3. State defendants responded to the complaint with a motion to dismiss or in the alternative motion for summary judgment (ECF 23), which plaintiff opposed. ECF 28.

As a result of the altercation complained of, plaintiff was criminally charged with second degree assault against a Division of Correction employee. *See Lanahan v. Maryland*, Civil Action No. JFM-15-2030, ECF 29-5, p. 1. The District Court of Maryland for Howard County ordered, on June 22, 2012, plaintiff be evaluated to determine if he was competent to stand trial for the assault charge. *Id.*, ECF 29-7. Plaintiff was evaluated and on August 31, 2012, the District Court of Maryland for Howard County found plaintiff incompetent to stand trial and a danger to himself or others. *Id.*, ECF 29-8. Plaintiff was ordered committed to the Department of Health and Mental Hygiene. *Id.*

On September 4, 2014, the District Court of Maryland for Howard County found plaintiff incompetent to stand trial and not likely to regain competence within the foreseeable future. *Id.*, ECF 29-9. Plaintiff was ordered civilly committed and the assault charge was dismissed the following day. *Id.*, ECF 29-5, p. 1. Plaintiff remains civilly committed at Perkins, an administrative law judge having found him a danger to himself or others. *Id.*, ECF 18.

This court held that before it could examine the issues in this case, the question of plaintiff's current mental competency should be examined. ECF 33. The court noted that by defendants' own admission, plaintiff had previously been found not competent to stand trial and involuntarily committed. His mental health status was not apparent based on the parties' recent submissions. Where, as in this case, "there has been a legal adjudication of incompetence that is

2

brought to the court's attention, [Fed R. Civ P. 17(c)(2)'s] provision is brought in play." *Id.* As such, defendants' dispositive motion was denied without prejudice subject to renewal and counsel for defendants was directed to provide any information to assist the court in determining whether plaintiff's continued participation as a self-represented litigant in this matter should continue. ECF 33, p. 3.

Defendants have renewed their dispositive motion (ECF 34) and indicate that there is no need to appoint counsel to assist plaintiff in these proceedings. *Id.* Plaintiff has opposed the renewed motion. ECF 44.

Fed. R. Civ. P. 17(c)(2) states:

A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

With respect to Rule 17(c)(2), the Fourth Circuit has observed that "[t]he practical problem presented by a case in which a presumably competent party might be thought to be acting oddly, or foolishly, or self-destructively in prosecuting or defending a civil lawsuit, with or without counsel, is a real one," adding that "[p]arties to litigation behave in a great variety of ways that might be thought to suggest some degree of mental instability. Rule 17(c)(2) recognizes the existence of some forms of mental deficiency which may affect a person's practical ability to manage his or her own affairs that goes beyond "something other than mere foolishness or improvidence, garden-variety or even egregious mendacity, or even various forms of the more common personality disorders." *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986). While Rule 17(c)(2) allows the court to appoint a guardian ad litem, it does not compel it to do so, but rather grants it considerable discretion to issue an "appropriate order" to protect the

3

interest of an unrepresented incompetent litigant. *See Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 543 (M.D.N.C. 1996).

Valerie Grimes, a Licensed Certified Social Worker employed by Perkins avers that she is familiar with plaintiff. She indicates that plaintiff has not been provided a legal guardian, nor has Perkins sought to have a guardian appointed for him. ECF 34-2, ¶ 6. She further avers that to her knowledge there is no current finding that plaintiff is legally incompetent. ECF 34-2, ¶ 7.

Fed. R. Civ. P. 17(b)(3) provides, in pertinent part, that a determination regarding the capacity to sue or be sued is controlled by the law of the party's state of domicile. Under Maryland law, plaintiff retains a presumption of competency. *See Peaks v. State*, 18 A.3d 917, 925 (Md. 2011). Even if plaintiff had been appointed a guardian of the person, such appointment is not evidence, under Maryland law, of incompetency. *See* Md. Code Ann. Est. & Trusts, §13-706(b)). Similarly, plaintiff's current status as an involuntary patient at Perkins does not serve as an indicator of incompetence as no adjudication of competency is necessary prior to involuntary commitment. *See* Md. Code Ann. Health-Gen'l §10-607(1).

Plaintiff's often bizarre and delusional statements also do not serve as a bar to his proceeding in this case. In *Hudnall v. Seller*, 800 F.2d 377, 385 (4th Cir. 1986), Sellner developed a delusional belief that the chief of police's son murdered Hudnall's wife. Sellner published his beliefs regarding the murder, along with his belief that the police chief, the son, other police officers, and Hudnall conspired to covered up the murder and that Hudnall and the son switched identities. *Id.*, at 379. Hudnall successfully sued Sellner for defamation. *Id.*, at 379. Sellner appealed arguing that the trial court should not have permitted him to represent himself. *Id.*, at 381. The court found that Sellner's bizarre conduct did not raise such serious questions

regarding his capacity to sue such that the court was required to inquire into the appointment of a guardian ad litem. *Id.*, p. 386-87. In the instant case, plaintiffs' delusional beliefs, like those in Hundnall, while bizarre do not negate his capacity to proceed with his complaint. As such, I find no need for the appointment of a guardian ad litem.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish Abeyond doubt@ that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

Defendants argue that plaintiff's complaint is time barred. ECF 23 & 34. Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts. *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v. Okure,* 488 U.S. 235, 249-50 (1989)). In Maryland, the

applicable statute of limitations is three years from the date of the occurrence. *See* MD. Cts & Jud. Pro. Code § 5-101.

The question of when a cause of action has accrued under §1983 is a federal question. *See Nasim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). The date of accrual occurs "when the plaintiff possess sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

Plaintiff alleged that on December 16, 2011, while incarcerated at the Patuxent Institution he was assaulted by Defendants Amason and Anderson. ECF 1. He further alleged, that as a result of the assault he was improperly charged with an inmate violation and deprived of credits earned toward his release after a disciplinary proceeding held on February 17, 2012. *Id.* The complaint, dated August 11, 2015, was received for filing on August 17, 2015. ECF 1. As such, plaintiff's complaint was filed beyond the three statute of limitations and is time barred.

## Conclusion

For the aforementioned reasons, defendants motion to dismiss shall be GRANTED. A separate Order follows.

_____
Date

_____
J. Frederick Motz
United States District Judge